Filed 1/22/24  P. v. Green CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LIFALFA GREEN,<br><br>    Defendant and Appellant. | B329632<br><br>(Los Angeles County<br>Super. Ct. No. BA016472) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Effective January 1, 2018, Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1–2) amended Penal Code[1] sections 12022.5 to give trial courts discretion to strike or dismiss a firearm enhancement imposed under that section "in the interest of justice pursuant to Section 1385" in "any resentencing that may occur pursuant to any other law." (§ 12022.5, subd. (c).) Appellant Lalifa Green argues his defense counsel rendered ineffective assistance by failing to argue at his 2023 resentencing hearing that the trial court should exercise its discretion to strike the four-year Penal Code section 12022.5 firearm enhancement. He asks us to remand this case to the resentencing court to allow it to exercise that discretion.

It is undisputed that under his current sentence, Green was eligible for parole in 2018 and he identifies no prejudice from his counsel's alleged ineffective assistance of counsel. Instead, Green asserts this court cannot "assume that a four-year sentence has no penal consequences" or assume that a firearm enhancement sentence "would not influence the parole process." Because affirmatively showing prejudice is a prerequisite to an ineffective assistance of counsel claim (*In re Avena* (1996) 12 Cal.4th 694, 721), Green's claim fails. We therefore affirm.

## BACKGROUND

In 1992, a jury convicted Green of first degree murder, attempted murder, and robbery. The jury found true a section 12022.5 firearm enhancement with respect to each count. The court sentenced Green to 25 years to life for the murder and a consecutive four-year term for the firearm enhancement. In

---

[1] Undesignated statutory citations are to the Penal Code.

1992, the trial court sentenced Green to life with the possibility of parole for the attempted murder and stayed the firearm allegation.  The court sentenced Green to a concurrent three-year term for the robbery and stayed the firearm allegation.  In 1994, on direct appeal, this court affirmed the judgment.  (*People v. Green* (June 3, 1994, B068877) [nonpub. opn.].)

After the Legislature amended the definition of murder in 2019, Green petitioned for resentencing relief pursuant to section 1170.95, now section 1172.6.  After a hearing, the resentencing court denied the petition and in June 2022, this court affirmed the denial of resentencing of the murder conviction and reversed the denial of resentencing for Green's attempted murder conviction.  We remanded the case for resentencing "consistent with [our] opinion."  (*People v. Green* (June 29, 2022, B313669) [nonpub. opn.].)

In December 2022, at the request of the prosecutor, the now second resentencing court dismissed the attempted murder count.  At the March 2023 resentencing hearing, no one argued that the court should consider exercising its discretion to strike the section 12022.5 firearm enhancement.  Defense counsel indicated, "I don't believe there is much discretion involved here.  I think the [appellate] opinion sets out what the court is to do and I think that's pretty clear."  The court then resentenced Green to the same sentence for murder as the original sentencing court, that is 25 years to life and a consecutive four-year term for the firearm enhancement.  The court also imposed a three-year concurrent sentence for the robbery and stayed the firearm enhancement on the robbery count.

## DISCUSSION

Green argues the case should be remanded for another resentencing hearing because the resentencing court was not aware it had discretion to dismiss the firearm enhancement. Green argues his defense counsel's statement that she did not believe "there is much discretion involved here" supports Green's argument on appeal that his defense counsel provided ineffective assistance. In his opening brief, Green identifies *no* prejudice based on this alleged ineffective assistance.

Respondent argues, and Green does not dispute, that Green forfeited his contention the resentencing court should have considered whether to dismiss the firearm enhancement. Respondent emphasizes that under Green's current sentence, Green "has been eligible for parole since April 2018. Accordingly, dismissing the four-year prison term would neither result in his release from prison nor would it hasten his parole eligibility." Green does not dispute respondent's assertion that he is eligible for parole. Instead, in his reply, and as noted previously, Green contends without any analysis that we "cannot assume that a four-year sentence has no penal consequences" or that "imposition of a sentence for the firearm enhancement would not influence the parole process."

Here, it is undisputed Green has not preserved the sole issue he raises on appeal—the court's failure to consider striking the four-year firearm enhancement. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 755 [defendant cannot raise sentencing issue on appeal if it was not raised in the trial court].) Accordingly, we now address Green's claim of ineffective assistance of counsel.

"In considering a claim of ineffective assistance of counsel, it is not necessary to determine ' "whether counsel's performance

was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." ' [Citation.]" (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008.) The defendant asserting ineffective assistance must "affirmatively prove" prejudice. (*People v. Bolin* (1998) 18 Cal.4th 297, 333.) The defendant "must prove prejudice that is a ' "demonstrable reality," not simply speculation.' [Citation.]" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) Prejudice requires "a reasonable probability that a more favorable outcome would have resulted . . . , i.e., a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*Ibid*.)

Although Green argues his counsel was ineffective, he fails affirmatively to show prejudice. He identifies *no* prejudice flowing from the alleged error. He offers *no* theory under which striking the four-year firearm enhancement would have led to an outcome more favorable to him. Green's statement in his reply brief that this court should not assume the absence of prejudice is insufficient to meet his burden affirmatively to demonstrate prejudice.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


         BENDIX, Acting P. J.


We concur:



CHANEY, J.



WEINGART, J.